CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 09 2019

JULIA C. DUDLEY, CLERK
BY: HMcOna&
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM CRUMPTON,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:19-cv-00392 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| DIRECTOR OF THE VIRGINIA<br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) | By:   Hon. Jackson L. Kiser<br>       Senior United States District Judge |

William Crumpton, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that prison officials deprived him of shower shoes and violated his due process rights related to a disciplinary proceeding. After review of his submissions, I conclude that the action must be summarily dismissed.

Crumpton is currently confined at Keen Mountain Correctional Center ("KMCC"), a prison facility operated by the Virginia Department of Corrections ("VDOC"). On March 13, 2019, Institutional Investigator Mitchell moved Crumpton to a special housing unit, pending an investigation. When officers brought Crumpton's personal property to his new cell, his Reebok shower shoes were missing. He refused to sign a property inventory sheet, because he did not have his shoes, which were never returned to him. For two months, until he could purchase a new pair, Crumpton "had to shower in unsanitary conditions" with no shower shoes. Compl. 5, ECF No. 1.

On April 1, 2019, Crumpton was served with a Disciplinary Offense Report "for Offense Code: 122E/198A." Id. At first, his disciplinary hearing was scheduled for April 8, 2019. On that date, however, a officer served him with a Notice of Authorized Continuance, rescheduling the

hearing for April 11, 2019. According to the notice, the continuance was "due to Staff/Witnesses are off duty/Away on date of Hearing." Id. Crumpton contends that this notice was "a complete false." Id. Mitchell, as the reporting officer, was allegedly the only staff member expected at Crumpton's disciplinary hearing. According to Crumpton, Mitchell was on duty at KMCC on April 11, 2019.

In his § 1983 complaint, Crumpton sues the VDOC director, the KMCC warden, the hearing officer, and Mitchell. He contends that deprivation of his shower shoes was cruel and unusual punishment, in violation of the Eighth Amendment, and that falsifying the continuance notice deprived him of a liberty interest without due process. As relief, Crumpton seeks declaratory and injunctive relief, directing KMCC officials to stop violating VDOC disciplinary procedures, and compensatory and punitive damages.

The court must "dismiss any action brought with respect to prison conditions under [§ 1983] by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).[1]

---

[1] Crumpton also fails to state any actionable due process claim regarding the loss of his shower shoes. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Because Crumpton possessed tort remedies under Virginia state law to seek reimbursement for the loss of his shower shoes, see Virginia Code Ann. § 8.01-195.3, he cannot prevail in a constitutional claim for that loss.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337, 347 (1981).[2] "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that the deprivation of a basic human need was <u>objectively</u> sufficiently serious, and that <u>subjectively</u> the officials acted with a sufficiently culpable state of mind." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis added).

> [T]o demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," . . . or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions.

Id. Crumpton fails to show that he suffered any serious or significant physical or emotional injury from being without shower shoes for two months. Accordingly, his Eighth Amendment claim fails, and I will summarily dismiss it.

Prisoners retain rights under the Due Process Clause, but because prison disciplinary proceedings are not part of a criminal prosecution, the full array of rights due a defendant in such proceedings does not apply. Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). Federal due process protections in prison disciplinary proceedings are limited to: (1) advance written notice of the charges; (2) a written statement of the evidence and reasons supporting the disciplinary action; (3) a hearing with rights to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; (4) the opportunity for a staff advisor; and (5) a neutral decision-maker. Id. at 564-71.

---

[2] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Crumpton's due process claim does not allege denial of any right recognized under Wolff. Rather, he attempts to equate state prison disciplinary procedures with federal due process. No such correlation exists. Officials' alleged violations of VDOC disciplinary procedures do not implicate any constitutionally protected right and so are not actionable under § 1983. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990).

For the stated reasons, Crumpton's allegations do not provide the factual or legal basis for any constitutional claim actionable under § 1983. Accordingly, I will summarily dismiss the complaint without prejudice, pursuant to § 1997e(c)(1), as frivolous. An appropriate order will enter this day. Dismissal without prejudice leaves Crumpton free to refile his claims in new and separate civil actions if he can correct the noted deficiencies, subject to the applicable statute of limitations.[3]

The clerk will send a copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTERED this 9th day of July, 2019.

SENIOR UNITED STATES DISTRICT JUDGE

---

[3] I hereby advise Crumpton that his complaint in this case joined unrelated claims in one lawsuit in a manner that is inconsistent with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 18, 20. If he decides to refile either of his claims, they must be properly presented in two separate complaints.